IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MARK A. WARD,                         )
                                      )
    Plaintiff,                        )
                                      )
    v.                                )     1:03CV1124
                                      )
KEYBANK NATIONAL ASSOCIATION,         )
                                      )
    Defendant.                        )

MEMORANDUM OPINION

OSTEEN, District Judge

    Plaintiff Mark A. Ward, a resident of North Carolina, brings this action against Defendant Keybank National Association ("Keybank"), a national banking association formed under the laws of the United States with its principal place of business in Cleveland, Ohio.  Plaintiff brings suit based on allegations Defendant responded falsely to a subpoena duces tecum Plaintiff served on it as a nonparty in a separate lawsuit filed in 2002.  This matter is now before the court on Defendant's motion to dismiss, Plaintiff's motion to remand, and Defendant's motion for leave to amend its notice of removal.  For the reasons set forth herein, Defendant's motions to amend and to dismiss will be granted; Plaintiff's motion to remand will be denied.

**I.   BACKGROUND**

The following facts are presented in the light most favorable to Plaintiff.[1]

Plaintiff Ward brought suit against the plan administrator of the LIN Broadcasting Corporation Retirement Plan (the "Plan") in an action titled <u>Mark A. Ward v. Peter E. Maloney, Plan Administrator</u>, No. 1:02CV00467 (M.D.N.C. filed June 12, 2002) (the "Maloney suit").  In the Maloney suit, Plaintiff challenged the plan administrator's denial of disability benefits under a retirement plan governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 <u>et seq</u>.

During discovery in the Maloney suit, Plaintiff had several different district courts issue a series of subpoenas duces tecum to non parties.  Each subpoena sought information regarding the Plan generally or payments made by the Plan to plan participants.

---

[1] See <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513 (1986); <u>Randall v. United States</u>, 30 F.3d 518, 522 (4th Cir. 1994).  In order to set forth the relevant background facts of this case, the court has taken judicial notice, pursuant to Rule 201(b) of the Federal Rules of Evidence, of the court record and filings in the matter of <u>Mark A. Ward v. Peter E. Maloney, Plan Administrator</u>, No. 1:02CV00467 (M.D.N.C. filed June 12, 2002).  Courts may take judicial notice of adjudicative facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b).  Facts are indisputable if they are "generally known" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." <u>Id.</u>  Here, the filings in the prior suit are matters of public record, serve as the underlying basis for this lawsuit, and the fact of those filings, rather than their veracity, are not subject to reasonable dispute by either party. Under the circumstances, judicial notice is proper.

2

One of the subpoenas duces tecum was issued to Defendant Keybank and requested:

> Any 1 or 2 Documents regarding the LIN Television Corporation Retirement Plan that evidence the Date plan participant Steven White, with the Social Security number ▬▬▬▬, date of birth ▬▬▬▬, began receiving Disability/Retirement benefit payments.

(Compl. Ex. A (redacted for privacy).)

Within the time specified for production on the subpoena duces tecum, Defendant produced a "Payee Periodic Payment Detail" that purportedly contained information about plan participant White. (Compl. Ex. B.) Some portions of the document had been redacted prior to production. The document did, however, confirm White was receiving disability benefits from the Plan. It also contained a start date for White's payments as well as the next and last payments to be made.

Less than one week after Defendant's production of the document, Plaintiff brought this separate action in the Superior Court of the State of North Carolina, Forsyth County, alleging Defendant responded to the October 9, 2003, subpoena duces tecum "with false information with full knowledge that it was false." (Compl. ¶ 5.) Plaintiff alleges his attempts to recover earned benefits owed him were disrupted as a result of Defendant's "intentional tortious interference, interference which was accomplished by fraud." (Id. ¶ 7.) Plaintiff seeks compensatory damages of $380,000 and punitive damages as a result of

3

Defendant's "malicious actions" in the amount of $200,000. (Id. at 2.)

Defendant removed the suit to this court based on diversity jurisdiction and moved to dismiss Plaintiff's complaint. Plaintiff challenged the subject matter jurisdiction of the court and requested remand. In response to Plaintiff's motion for remand, Defendant moved to amend its notice of removal. Now before the court is Defendant's motion to dismiss, Plaintiff's motion to remand, and Defendant's motion for leave to amend its notice of removal.

**II. STANDARD OF REVIEW**

A defendant's motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)") tests the legal sufficiency of the pleadings, but does not seek to resolve disputes surrounding the facts. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A court must determine only if the challenged pleading fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The issue is not whether the plaintiff will ultimately prevail on his claim, but whether he is entitled to offer evidence to support the claim. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989). A pleading "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

4

would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957). The pleading must be liberally construed in the light most favorable to the nonmoving party and allegations made therein are taken as true. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849 (1969).

**III. ANALYSIS**

Plaintiff has challenged the court's subject matter jurisdiction and requested remand. Because the court's decision on a Rule 12(b)(6) motion is contingent upon the existence of jurisdiction, the court must first decide whether it properly has jurisdiction. If the court has jurisdiction over this case, the court will then determine whether Plaintiff's complaint states a claim upon which relief can be granted.

**A. Subject Matter Jurisdiction**

Plaintiff alleges this court is without subject matter jurisdiction and requests remand to the state court because the prayer for relief in Defendant's notice of removal indicates that removal is premised on federal question jurisdiction, 28 U.S.C. § 1441(b). (Pl.'s Reply Br. Supp. Mot. Remand at 3-4.) Defendant opposes remand arguing, except for the inadvertent reference to the statutory section on federal question jurisdiction, removal is clearly based upon diversity of citizenship, 28 U.S.C. § 1441(a). (Def.'s Mem. Resp. Pl.'s Mot. Remand at 1.) In support, Defendant filed a motion to amend its notice of removal

5

to delete the reference to 28 U.S.C. § 1441(b) in its prayer for relief and substitute it with 28 U.S.C. § 1441(a). (Mot. Leave Amend Notice Removal at 1.)

Title 28 of the United States Code gives the court jurisdiction over those cases removed from state court over which the court would have had original jurisdiction. 28 U.S.C. § 1441. These cases include federal questions and suits brought based on diversity of citizenship. See id. §§ 1331, 1332. A defendant desiring to remove a civil action to a federal district court must file a notice of removal containing "a short and plain statement of the grounds for removal" within 30 days of receipt of the initial pleading or after service of the summons, whichever period is shorter. Id. § 1446(a), (b). Where removal is based on diversity, the notice of removal must contain, in its statement of the facts, the citizenship of the parties and the amount in controversy. See id. § 1332.

Although it is the usual practice to cite the specific section of the United States Code upon which an action is removed, the statute setting forth the procedure for removal does not make this an explicit requirement. See id. § 1446. Courts have therefore concluded that failure to cite a particular statutory section in a notice of removal is not a fatal defect, but at most a technical defect where an adequate factual basis for removal is alleged. See, e.g., Harlem River Produce Co. v. Aetna Cas. & Sur. Co., 257 F. Supp. 160, 164 (S.D.N.Y. 1965).

6

Technical violations or imperfect statements of the grounds for removal may be cured through amendment by leave of court, even after the 30-day deadline for initial removal has run.  See Mason v. International Bus. Machs., Inc., 543 F. Supp. 444, 446 (M.D.N.C. 1982).

The basis for Plaintiff's motion for remand is merely technical in nature.  Defendant's notice of removal contained sufficient facts to establish the diversity of the parties and that the amount in controversy exceeded the statutory minimum.  In the paragraph containing the factual allegations, Defendant's notice asserted the action was removable under 28 U.S.C. § 1441(a), the statute which allows removal of diversity matters.  The only fault in Defendant's notice of removal was its inadvertent reference to 28 U.S.C. § 1441(b) in its prayer for relief.  This being a technical violation at worst, Defendant's amendment is proper.  The court therefore has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

Plaintiff's motion for remand will be denied.  Defendant's motion to amend will be granted.

7

**B. Motion to Dismiss**

The court now turns to Defendant's motion to dismiss. Defendant offers two viable theories[2] for dismissal: (1) Plaintiff has failed to state a claim for intentional interference with contractual relations, or any other cognizable cause of action; and (2) Plaintiff has failed to exhaust the procedural remedies in the ERISA suit. (Mem. Law Supp. Def.'s Mot. Dismiss at 2.) The court need not address Defendant's second argument for it is clear Plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted.

Plaintiff does not name the sole claim for relief alleged in his complaint. It does appear Plaintiff is asserting a tort-based claim, however, because he alleges Defendant disregarded its "lawful duty to provide Plaintiff with truthful information." (Compl. ¶ 6.) That allegation, along with Plaintiff's assertion Defendant responded to the subpoena duces tecum "with false

---

[2] Defendant offered a third theory for dismissal which is now moot. Defendant argued for dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure based on the doctrine of ripeness. Defendant contends this case is not yet ripe for judicial determination because the Maloney suit is still pending. Defendant argues that without a decision on the merits of Plaintiff's ERISA claims in the Maloney suit, the court cannot determine whether Plaintiff has suffered any damage as a result of any alleged interference by Defendant. (Mem. Law Supp. Def.'s Mot. Dismiss at 2-4.) This argument has been mooted by the entry of summary judgment in favor of the plan administrator in the Maloney suit.

8

information with full knowledge that it was false" (Compl. ¶ 5), implies a claim of fraud. If intended to be fraud, Plaintiff's complaint fails to properly state a claim. The essential elements of fraud in North Carolina are (1) a false representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party. Terry v. Terry, 302 N.C. 77, 83, 273 S.E.2d 674, 677 (1981). Plaintiff's complaint not only lacks the particularity required by the Federal Rules of Civil Procedure, Fed. R. Civ. P. 9(b), it is utterly devoid of any allegation Plaintiff reasonably relied on Defendant's representation. Those failures necessarily require dismissal of a claim of fraud.[3] See Learning Works, Inc. v. The Learning Annex, Inc., 830 F.2d 541, 546 (4th Cir. 1987).

Plaintiff's allegation that Defendant's actions were "intentional tortious interference, interference which was accomplished by fraud" (Compl. ¶ 7), could point to a tort claim for interference with contractual relations. The complaint fails to state a claim for intentional interference with contractual relations, which requires, in North Carolina, either the

---

[3] Even if Plaintiff's claim was for negligent misrepresentation, it would likewise be subject to dismissal for failure to allege reasonable reliance, an essential element of negligent misrepresentation. See Simms v. Prudential Life Ins. Co. of Am., 140 N.C. App. 529, 532-33, 537 S.E.2d 237, 240 (2000) (setting forth elements of negligent misrepresentation and recognizing dismissal for failure to show justifiable reliance).

9

malicious procuring of a breach of contract or preventing the making of a contract.  See Coleman v. Whisnaut, 225 N.C. 494, 506, 35 S.E.2d 647, 656 (1945).  Here, Plaintiff alleges Defendant interfered with his ability to legally enforce his rights under a contract (the Plan), to which Plaintiff was already a contracting party and that was allegedly already breached by the time Plaintiff filed the Maloney suit.  See Ward v. Maloney, No. 1:02CV00467 (M.D.N.C. June 12, 2002) (Complaint ¶¶ 3, 15).

Even if Plaintiff's claim could be construed as some other tort in North Carolina, such as one for general negligence, Plaintiff cannot prove the required element of causation as a matter of law.  The subpoena duces tecum at issue sought only the date on which plan participant Steven White began receiving disability or retirement benefit payments.  (Compl. Ex. A.)  That information had only limited relevancy in the Maloney suit.  One of the four reasons Plaintiff's claim for disability was denied by the plan administrator was Plaintiff's failure to file an application for Social Security Benefits, which, because of the similarity in the definitions of "disability," was "strong evidence" against Plaintiff's claim.  Ward v. Maloney, No. 1:02CV00467 (M.D.N.C. June 12, 2002) (Complaint Ex. 1).  Plaintiff requested the date White began receiving disability

10

benefits because Plaintiff believed White's benefits were received before a Social Security Administration determination:

> The Wachovia Bank Statements of plan participant Stephen White will reveal that under the heading of "Deposits and Other Credits", [sic] automated credits from Key Trust Bank, the Trustee of and Custodian of the LIN Television Corporation Retirement Plan, were made five (5) months before the ficti[t]ious October 31, 2000 'first payment' date . . . thus verifying by clear and convincing evidence that Mr. White was receiving . . . disability retirement benefits <u>before</u> Mr. White, himself, received a social security disability determination.

Ward v. Maloney, No. 1:02CV00467 (M.D.N.C. Nov. 17, 2003) (Pl.'s Opp'n Def.'s Mot. Protective Order ¶ 15).

In granting summary judgment in favor of the plan administrator in the Maloney suit, the court determined Plaintiff's ERISA claim failed as a matter of law, independent of a Social Security determination of disability. The court held Plaintiff's own medical evidence showed he was, at most, limited in the work he could perform and, therefore, not "disabled" within the meaning of the Plan. Ward v. Maloney, No. 1:02CV00467, 2004 WL 1345089, at *3 (M.D.N.C. June 14, 2004). As to the requirement of a Social Security determination, the court stated:

> Plaintiff is correct that the Plan's definition of Disability includes no specific requirement that a claimant file an application for Social Security benefits. On the other hand, it does not appear that the failure to file such an application was the primary reason Defendant denied Plaintiff's claim. The denial letter from Defendant to Plaintiff indicates that the failure to apply for Social Security benefits was

> considered "strong evidence" against Plaintiff's claim,
> but the letter also notes other significant reasons,
> including the fact that Plaintiff's medical evidence
> did not sufficiently establish a disability.
>
> . . . .
>
> The court cannot say that Defendant's consideration of
> Plaintiff's apparent lack of a Social Security filing
> was an abuse of discretion, particularly in light of
> the other evidence considered by Defendant which
> conclusively leads to the same result.

Id. at *4.

The court's findings in the Maloney suit are binding upon this court under the doctrine of collateral estoppel, also called issue preclusion. Collateral estoppel "precludes relitigation of an issue decided previously in judicial or administrative proceedings provided the party against whom the prior decision was asserted enjoyed a full and fair opportunity to litigate that issue in an earlier proceeding." In re McNallen, 62 F.3d 619, 624 (4th Cir. 1995). The Maloney suit was a judicial proceeding in which Plaintiff was a party and Plaintiff had a full and fair opportunity to litigate whether the plan administrator's consideration of Plaintiff's lack of a Social Security disability filing was an abuse of discretion. The court found no abuse of discretion because Plaintiff's denial was not in fact conditioned on a Social Security disability determination. As a result, even if Defendant wilfully and maliciously failed to give truthful information about the date White began receiving disability

12

payments, that failure cannot be a cause in fact of Plaintiff's alleged injury as a matter of law.

Defendant's motion to dismiss will be granted and Plaintiff's claim will be dismissed with prejudice.

A judgment in accordance with this memorandum opinion shall be filed contemporaneously herewith.

This the 10th day of May 2005.

_____
United States District Judge